UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARON WEATHERSPOON                                         CIVIL ACTION

VERSUS                                                      NO. 17-98-SDD-RLB

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION, ET AL.

**ORDER**

Before the Court is Plaintiff's Motion to Stay (R. Doc. 12) filed on March 15, 2017.

Sharon Weatherspoon ("Plaintiff") initiated this action on or about February 10, 2017 in state court, naming as defendants JP Morgan Chase Bank, National Association ("Chase") and B&BA, LLC ("B&BA"). (R. Doc. 1-1, at 1-8).

Chase removed the action on February 22, 2017, asserting that neither Chase nor B&BA had been served with the Petition at the time of removal. (R. Doc. 1 at 3). Chase subsequently filed documents, however, indicating that service of process was made (or attempted) on Chase on February 21, 2016,[1] and that service of process was made (or attempted) on B&BA on February 20, 2016. (R. Doc. 4-1 at 21-24).

On March 10, 2017, Plaintiff moved for an order staying the proceedings until April 11, 2017, and ordering B&BA to retain counsel by April 10, 2017 because it is a legal entity that cannot proceed without counsel. (R. Doc. 9). The Court denied the motion on the basis that Plaintiff may seek entry of a default pursuant to Rule 55 of the Federal Rules of Civil Procedure if B&BA does not timely file an answer or appropriate defenses. (R. Doc. 10).

---

[1] Chase has asserted that service on it was improper as it was made through CT Corporation, which is not a registered agent for service of process for Chase in Louisiana. (R. Doc. 2 at 1 n.1).

On March 15, 2017, Plaintiff filed a Motion to Remand. (R. Doc. 11). In support of remand, Plaintiff argues that this Court lacks subject-matter jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, and the federal question statute, 28 U.S.C. § 1331. (R. Doc. 11-1 at 2-7). Plaintiff also asserts that the member of B&BA who consented to removal on behalf of B&BA did not have the authority to do so because she is not an attorney. (R. Doc. 11-1 at 2).

The same day, Plaintiff filed the instant Motion to Stay Discovery. (R. Doc. 12). Plaintiff asserts that a stay is required because, in addition to lacking subject matter jurisdiction, this Court lacks personal jurisdiction over Plaintiff. (R. Doc. 12 at 1).

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R .Civ .P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987).

Plaintiff has not established that a stay is merited in light of the pending motion to remand or Plaintiff's assertion that the Court lacks personal jurisdiction over her.[2] The filing of

---

[2] The Court does not share Plaintiff's concerns regarding personal jurisdiction. Plaintiff initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, therefore submitting to the personal jurisdiction of the state court. Chase removed the action to this Court, which is "the district court of the United States for the district and division within which such action" was pending in state court. 28 U.S.C. § 1446. By submitting to the state court's personal jurisdiction, Plaintiff has submitted to this Court's personal jurisdiction upon removal. *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir.

2

a motion to remand does not automatically stay discovery.  Plaintiff provides no analysis or legal support in support of a stay of discovery given the procedural posture of this case.  In light of the record, the court will not issue the relief requested.

That said, the Court will reset the Scheduling Conference set for on April 27, 2017 as needed if B&BA does not make an appearance and/or if necessary with regard to the adjudication of the pending motion to remand.  The parties are also reminded that discovery may not commence until the required conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Stay (R. Doc. 12) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 20, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2002) ("When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court. Thus, when examining the court's exercise of personal jurisdiction and assuming removal is proper, the removed plaintiffs should be treated no differently from plaintiffs who file in federal court originally.") (citation and footnote omitted); *Xyrous Commc'ns LLC v. Bulgarian Telecomms. Co. AD*, No. 09-396, 2009 WL 2877084, at *7 (E.D. Va. Sept. 4, 2009) ("In removal cases, a federal court obtains personal jurisdiction over a party if the state court from which that case was removed had personal jurisdiction over that party.").