UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARON WEATHERSPOON                   CIVIL ACTION

VERSUS

                                                             NO. 17-98-SDD-RLB

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 19, 2017.

                                               RICHARD L. BOURGEOIS, JR.
                                               UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHARON WEATHERSPOON                        CIVIL ACTION

VERSUS

                                                       NO. 17-98-SDD-RLB

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 11). The Motion is opposed. R. Doc. 29). For the following reasons, the undersigned recommends the Motion be **GRANTED** and this case **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

I.     **Background and Arguments of the Parties**

On February 10, 2017, Plaintiff Sharon Weatherspoon filed a Petition for Damages, Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging that Defendants JP Morgan Chase Bank, National Associate ("Chase") and B&BA, LLC ("B&BA") are liable to her for the foreclosure, seizure, and sale of certain property subject to a mortgage held by Chase. The record reflects that B&BA was served on February 20, 2017, through its agent for service of process, Belinda Aaron (R. Doc. 4-1 at 21).[1]

Chase filed its Notice of Removal (R. Doc. 1) on February 22, 2017. Chase alleges removal is proper based upon federal question jurisdiction under 28 U.S.C. § 1331.[2] (R. Doc. 1 at

---

[1] The Court notes that the representation by Chase in its Notice of Removal that B&BA had not been served (R. Doc. 1 at ¶12) as of the time of the February 22, 2017 removal is unsupported by the record.

[2] Chase also alleges diversity jurisdiction in its Notice of Removal, but has abandoned this argument based upon representations made in its Memorandum in Opposition to Motion to Remand. (R. Doc. 29 at 11).

¶14). In its Notice of Removal, Chase represents that "B&BA consents to the removal of this action" (R. Doc. 1 at ¶12), and attaches e-mail correspondence from Belinda Aaron to counsel for Chase, which states, "Yes, we are fine with getting it moved to federal court." (R. Doc. 1-1 at 11).

In support of removal, Defendant Chase represents that federal question jurisdiction exists because "Plaintiff asserts that Chase violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), Regulation Z, 42 U.S.C. § 1983, and the Home Affordable Modification Program, 12 U.S.C. § 5201, *et seq.* ("HAMP")." (R. Doc. 1 at ¶15). Chase filed a 28 U.S.C. § 1447(b) Compliance (R. Doc. 4) on March 6, 2017.

Plaintiff moved to remand this action (R. Doc. 11) on March 15, 2017, arguing (1) that complete diversity does not exist because B&BA's members are domiciliaries and citizens of Louisiana (R. Doc. 11-1 at 3); (2) B&BA's consent to Chase's removal was procedurally defective (R. Doc. 11-1 at 2); (3) Plaintiff's claims do not create a federal question (R. Doc. 11-1 at 4); and (4) the removal amounts to an improper collateral attack on a state court's final judgment (R. Doc. 11-1 at 5). On April 6, 2017, Chase filed its Memorandum in Opposition to Motion to Remand. (R. Doc. 29).

## II. Law and Analysis

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts

2

of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008). Further, the Court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claims, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

**B.     Consent**

Plaintiff argues that the removal is procedurally defective, not because Chase failed to obtain the consent of B&BA, but because the consent of B&BA by its member via electronic mail was insufficient. (R. Doc. 29 at 3). No party disputes the timeline of events. Suit was filed

3

in state court on February 10, 2017. (R. Doc. 1-1). B&BA was served on February 20, 2017. (R. Doc. 4-1 at 21). The very next day, on February 21, 2017, Chase was served, and also requested and received written consent from B&BA through Ms. Belinda Aaron, unrepresented as of that date, and filed that written consent as an attachment to its Notice of Removal.[3] On February 22, 2017, Chase removed the action to federal court. (R. Doc. 1). Perhaps most significant is the fact that, on March 15, 2017, within 30 days of B&BA and Chase being served, B&BA filed its Consent to the Removal of Chase. (R. Doc. 14).

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Even if Plaintiff were correct in her assertion that B&BA's consent via an email by its member attached to the Notice of Removal was defective, an issue which the Court need not decide today, any defect was cured with the proper and timely filing of B&BA's Consent to Removal (R. Doc. 14) on March 15, 2017, well within the 30-day period to do so. Accordingly, there was no procedural defect to the removal procedure and the Court must address the issue of whether it may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[3] The Court notes that, while Chase represents that it was not aware that B&BA had been served as of the time it received written consent from Ms. Belinda Aaron on February 21, 2017 (R. Doc. 1-1 at 11), the service return notes that Ms. Belinda Aaron received process on behalf of B&BA on February 20, 2017 (R. Doc. 4-1 at 21).

C.  **Federal Question**

Concerning Plaintiff's Petition for Damages, Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment (R. Doc. 1-1, "Petition"), the Plaintiff has alleged, on some level, the following:

(1) Fraud against Defendant JPMorgan (Petition at 3, ¶¶13-14; Petition at 5, ¶13);
(2) Detrimental Reliance against JPMorgan (Petition at 3, ¶15-16; Petition at 4, ¶5; Petition at 5, ¶16);
(3) Negligence against JPMorgan and B&BA (Petition at 4, ¶4);
(4) Intentional Infliction of Emotional Distress against JPMorgan (Petition at 4, ¶6);
(5) Invasion of Privacy against JPMorgan (Petition at 4, ¶7);
(6) Trespass to Land against JPMorgan and B&BA (Petition at 4, ¶8);
(7) Breach of Fiduciary Duty against JPMorgan (Petition at 5, ¶9);
(8) Intentional Interference with Contract against JPMorgan (Petition at 5, ¶10);
(9) Wrongful Seizure under La. C.C. art. 2315 against JPMorgan and B&BA (Petition at 6, ¶18);
(10) "negative entry on the plaintiffs credit reports" against JPMorgan (Petition at 6, ¶17);
(11) Violations of the Real Estate Settlement Procedures Act against JPMorgan ("RESPA") (Petition at 5, ¶11);
(12) Violations of the Truth in Lending Act and Regulation Z ("TILA/Reg Z") against JPMorgan (Petition at 5, ¶12);
(13) Violation of 42 U.S.C. § 1983 against JPMorgan (Petition at 5, ¶14); and
(14) Violation of the Louisiana Unfair Trade Practices Act for failure to adhere to the Home Affordable Modification Program ("HAMP") against JPMorgan (Petition at 5, ¶15).

Of these allegations, (1)-(9) arise under state law such that they have no relevance for purposes of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Allegations (10)-(14), on the other hand, are potentially federal questions for purposes of federal question jurisdiction.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court must evaluate the plaintiff's pleadings to determine whether a federal claim has been alleged against the defendant. *Sarmiento v. Texas Bd. of Veterinary Med. Examiners By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "Generally, if it appears from the face of the complaint that a federal

claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds." *Id*. (citing *Bell v. Hood,* 327 U.S. 678 (1946)). "However, dismissal for want of jurisdiction is appropriate if the federal claim is frivolous or a mere matter of form." *Id*. (citing *Hagans v. Lavine,* 415 U.S. 528 (1974); *Bell,* 327 U.S. 678)).

On its face, Plaintiff's Petition alleges a violation of 42 U.S.C. § 1983. (R. Doc. 101 at ¶14). Plaintiff alleges that Chase violated Section 1983 when it "wrongfully used Executory Process by using the East Baton Rouge Parish Sheriff's Office to seize petitioner's said home and residence in violation of 42 U.S.C. § 1983." (R. Doc. 101 at ¶14). Plaintiff's Petition further alleges violations of other federal statutes well, including RESPA (R. Doc. 101 at ¶11), TILA/Reg Z (R. Doc. 101 at ¶12), and HAMP (R. Doc. 101 at ¶15). Plaintiff's Motion to Remand seeks to limit the nature of her federal claims by arguing that certain sections of RESPA and HAMP do not provide for private rights of action such that subject matter jurisdiction is inappropriate. Plaintiff has not sought to dismiss any of the claims alleged in her Petition, and Plaintiff's Petition is not limited to the sections referenced in her Motion to Remand. As correctly noted by Chase, "the Plaintiff does not specify which provision of RESPA she is asserting that Chase violated." (R. Doc. 29 at 6). Similarly, Plaintiff further alleges that her TILA/Reg Z claim would be prescribed, but again, has not sought to voluntarily dismiss those claims.

The question before the Court on Plaintiff's Motion to Remand is whether Plaintiff has pled claims that establish federal question jurisdiction, not whether Plaintiff's claims have merit or would survive subsequent motion practice. The Fifth Circuit, in the case of *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010), instructs "the pleading burden to establish federal question jurisdiction is low: only claims 'patently without merit… justify the district court's

dismissal for want of jurisdiction." Further, "[j]udicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) or Rule 56 (summary judgment—both of which place greater restrictions on the district court's discretion." *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981) (en banc).

Without passing on the merits of these allegations, or whether they would survive under a motion to dismiss standard not before the Court today, these are facially federal questions. Plaintiff has alleged that Defendants violated RESPA, HAMP, and TILA/Reg Z, as well as 42 U.S.C. § 1983. These are federal laws, at least some of which establish federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. As Plaintiff's state law claims arise out of the same facts and circumstances as Plaintiff's federal claims, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### D. *Rooker-Feldman* Doctrine

Plaintiff's final argument is that Chase's removal is an improper collateral attack on the state court's final judgment. (R. Doc. 11-1 at 5-6). In support of her argument, Plaintiff cites the *Rooker-Feldman* doctrine, which provides that federal courts lack subject matter jurisdiction over challenges to state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317

(5th Cir. 1994) ("[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.").

Chase incorrectly asserts to the Court, as a basis for its argument that the *Rooker-Feldman* doctrine does not apply, that Plaintiff "does not claim that the order granting Chase the ability to proceed via executory process was invalid." (R. Doc. 29 at 10). To the contrary, Plaintiff's Petition, in its prayer for relief, specifically states the following:

> Furthermore, the petitioner prays that this Honorable Court find for the Plaintiff and against the Defendants and declare that said foreclosure was fraudulently obtained and the subsequent sale of Plaintiff's house to B&BA, LLC is invalid and that this Honorable Court rescind and/or annul and/or invalidate said foreclosure and subsequent sale of Plaintiff's home and award Plaintiff damages, court costs, attorney's fees and all other costs associated with the prosecution of this claim for having to file and defend this action.

(R. Doc. 1-1 at 8). Plaintiff specifically seeks to have the foreclosure and sale of the property rescinded, annulled, or invalidated. In *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 (5th Cir. 2013), the Fifth Circuit declined the application of *Rooker-Feldman* "[b]ecause Truong did not seek to reverse or void the adverse foreclosure judgment." *Truong* is, therefore, inapposite to the facts of this case.

In *Stabler v. Ryan*, 949 F. Supp. 2d 663, 666-68 (E.D. La. 2013), the court points out this distinction, and holds that the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction where the plaintiff is seeking relief from the state court judgment itself. In support of its conclusion, *Stabler* states, "Rooker-Feldman bars 'cases brought by state court losers complaining of injuries caused by state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Stabler*, 949 F. Supp. 2d at 666 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

8

The Fifth Circuit, in *Magor v. GMAC Mortg., L.L.C.*, 456 Fed. App'x 334, 335-36 (5th Cir. 2011), followed this principle when it dismissed a similar action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. There, the plaintiff filed suit in federal court seeking to collaterally attack and enjoin a pre-existing state court judgment that allowed the defendants to proceed with a notice of foreclosure and sale. In dismissing for lack of subject matter jurisdiction, the Fifth Circuit noted that "[Plaintiff's] contentions implicate the validity of the state foreclosure judgment, and she seeks legal determinations that would allow her to retain possession of her home." *Magor*, 456 Fed. App'x at 335-36.[4]

The same is true here such that the *Rooker-Feldman* doctrine precludes the exercise of subject matter jurisdiction in this case. Here, Plaintiff prays for the Court to rescind, annul, or invalidate the foreclosure and sale of her house which, if granted, would effectively place her back in possession of the property. This is clearly a collateral attack on the judgment of the state court. Accordingly, although Plaintiff has pled claims under federal law, the *Rooker-Feldman* doctrine is applicable and this Court is without subject matter jurisdiction.

This finding is supported by the fact that a mortgage foreclosure action is a classic example of a matter traditionally within the purview of state courts. For example, in *Legette v. Washington Mut. Bank, FA*, 2005 WL 2679699 (N.D. Tex. Oct. 19, 2005), a case where the plaintiff brought a "wrongful foreclosure" action in state court, the court granted the plaintiff's motion to abstain and remand, noting "[e]xercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of

---

[4] *See also Bombet v. Donovan*, 2015 WL 1276555, at *4-5 (M.D. La. Mar. 19, 2005) (dismissing wrongful foreclosure action based on *Rooker-Feldman* under Rule 12(b)(1) motion to dismiss); *Breitling v. LNV Corporation*, 2016 WL 852963, at *2 (N.D. Tex. Mar. 4, 2016) (denying leave to amend complaint to add "illegal foreclosure" claim on the basis of futility due to lack of subject matter jurisdiction pursuant to *Rooker-Feldman* doctrine); *Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at * 5 (S.D. Tex. Jan. 14, 2016) (granting motion to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because the plaintiffs implicated the validity of the state foreclosure judgment).

judicial responsibilities from state to federal courts."[5] *Id*. at *4. Thus, even were Plaintiff's claims subject to removal under federal question jurisdiction, the Court finds a wrongful foreclosure action to be subject to the state's interest and within the traditional realm of a state's responsibility such that the exercise of federal jurisdiction is not proper in this instance.

Plaintiff also seeks reimbursement of the costs, expenses, and attorneys' fees that were incurred as a result of removal. The court has discretion to make such an award pursuant to 28 U.S.C. § 1447(c). There is no automatic entitlement to such an award. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Even though the court concludes that removal was improper, the grounds on which Defendants removed the action were not objectively unreasonable. The court will therefore deny Plaintiff's request for costs, expenses, and attorneys' fees.

## III. Conclusion

Based on the foregoing, this Court does not have subject matter jurisdiction as the Plaintiff seeks collateral review of a state court judgment.

---

[5] *See also Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 527 (S.D. Tex. 2012) ("Indeed, the lack of a private right of action also indicates that Congress did not intend to alter the balance of federal and state judicial responsibilities in mortgage foreclosure litigation… In contract, the federal government does not appear to have a strong interest in resolving this particular issue between lender and borrower."); *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 618 (N.D. Tex. 2005) ("Nothing has been presented to the court by the parties that Congress has expressed an intent to have such foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court. Absent proof or indication that Congress intends to upset or shift the state-federal line or division of responsibility, the court declines to open a Pandora's box and usher into federal court a new wave of litigation that has been traditionally, and should be, handled in state court.") (internal citation omitted).

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 11) be **GRANTED** and this action **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 19, 2017.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**